IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**DEMARRET JONES, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 4:19-cv-509

**UNIVESCO, INC.**                                        **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Demarret Jones ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Univesco, Inc. ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Demarret Jones, individually and on behalf of all other hourly-paid employees who lived on Defendant's premises and worked more than forty hours per week at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and all other hourly-paid employees who lived on-premises lawful overtime compensation for hours in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business in this District and a substantial part of the events alleged herein occurred in this District.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is an individual and a resident and domiciliary of the State of Texas.

10. Defendant Univesco, Inc., is a domestic, for-profit corporation headquartered in Plano that operates apartment complexes throughout Texas and Florida.

11. Defendant can be served by its registered agent for service, namely David R. Bower, 2800 North Dallas Parkway, Suite 100, Plano, Texas 75093.

12. Defendant maintains a website at www.univesco.com/.

### IV.     FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

14. At all material times, Plaintiff was entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least two employees that handle, sell or otherwise work on goods or materials that have been moved in or produced for interstate commerce, such as office supplies and computers.

17. Defendant was at all relevant times Plaintiff's employer, as well as the employer of the members of the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

18. Plaintiff was employed by Defendant as an hourly employee at one of Defendant's apartment complexes within the three years preceding the filing of this Complaint.

19. Plaintiff worked in excess of forty (40) hours per week on a regular basis while working for Defendant as an hourly employee.

20. For part of his employment, Defendant classified Plaintiff as an hourly employee and paid Plaintiff an hourly rate.

21. Plaintiff worked for Defendant at Defendant's apartment complexes known as Prestonwood Hills in Plano and Vista Springs in Lewisville.

22. Defendant employed other hourly-paid employees who lived on-premises and who were also classified as hourly employees and paid an hourly rate.

23. Defendant gave Plaintiff and other hourly-paid employees who lived on-premises a rent discount for living on-premises.

24. Defendant informed Plaintiff before he began work that Defendant gives a rent discount to employees who live on-premises.

25. Upon information and belief, Defendant informed other hourly-paid employees before they began work that Defendant gives a rent discount to employees who live on-premises.

26. Defendant paid Plaintiff and other hourly-paid employees who lived on-premises one-and-one-half (1.5) times their base hourly rate plus certain bonuses and/or commissions for each hour they worked over forty (40) in a workweek.

27. However, Defendant did not include rent discounts given to Plaintiff and the other hourly-paid employees who lived on-premises in their regular rate of pay when calculating their overtime rate of pay.

28. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

29. Defendant violated the FLSA by not including rent discounts for Plaintiff and the other hourly-paid employees who lived on-premises in their regular rate when calculating their overtime pay.

30. Upon information and belief, Defendant's pay practices were the same for all hourly workers at all locations throughout Defendant's company.

31. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's apartment complexes.

32. Upon information and belief, Defendant's policy of not including the rent discounts in Plaintiff's and other hourly employee's regular rates was a centralized human resources policy implemented uniformly from Defendant's principal office.

33. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff brings his FLSA claim on behalf of all other hourly-paid employees who lived on-premises and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

  A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

  B. Liquidated damages; and

  C. Attorney's fees and costs.

37. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

  A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

  B. They were paid hourly rates;

  C. They recorded their time in the same manner;

  D. They lived on Defendant's premises; and

  E. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

39. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 150 persons.

40. Defendant can readily identify the members of the Section 216(b) Collective.  The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

43. Defendant violated the FLSA by not including rent discounts given to Plaintiff in his regular rate when calculating his overtime pay.

44. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

46. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

47. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

48. Plaintiff brings this collective action on behalf of all hourly-paid employees who lived on-premises employed by Defendant to recover monetary damages owed by

Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

49. Plaintiff brings this action on behalf of himself and all hourly-paid employees, former and present, who lived on-premises and who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

51. Defendant violated the FLSA by not including rent discounts given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

52. In the past three years, Defendant has employed many hourly-paid employees who lived on-premises.

53. Like Plaintiff, all or almost all hourly-paid employees who lived on-premises regularly worked more than forty (40) hours in a week.

54. Defendant failed to pay these workers at the proper overtime rate.

55. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly-paid employees who lived on-premises within the three (3) years preceding the filing of the Complaint, to whom Defendant gave a rent discount or credit for at least one week in which the employee worked more than forty (40) hours.**

56. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

57.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

58.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Demarret Jones respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendant's practices violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.     Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

E.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime

compensation owed to Plaintiff and members of the collective during the applicable statutory period;

  F. An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

  G. Such other and further relief as this Court may deem necessary, just and proper.

           Respectfully submitted,

           **PLAINTIFF DEMARRET JONES,**
           **Individually and on Behalf of**
           **All Others Similarly Situated**

           SANFORD LAW FIRM, PLLC
           One Financial Center
           650 South Shackleford Road, Suite 411
           Little Rock, Arkansas 72211
           Telephone: (501) 221-0088
           Facsimile: (888) 787-2040

           */s/ Josh Sanford*
           Josh Sanford
           Tex. Bar No. 24077858
           josh@sanfordlawfirm.com