UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEMARRET JONES, individually and on behalf of all others similarly situated | § § § § | |
| v. | § | CIVIL NO. 4:19-CV-509-SDJ |
| UNIVESCO, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Univesco's Motion for Summary Judgment, (Dkt. #25). Having reviewed the parties' briefing and the applicable legal authorities, the Court concludes that Univesco's motion should be **GRANTED**.

## I. BACKGROUND

Univesco, Inc. is a property management company headquartered in Plano, Texas, that manages twenty-one apartment complexes in Texas and Florida. (Dkt. #25 at 2). Univesco employed Plaintiff Demarret Jones from November 21, 2018, to June 14, 2019. (Dkt. #25 at 3). Univesco first hired Jones as an assistant property manager, an hourly-paid position, at its Prestonwood Hills property in Plano, Texas. (Dkt. #25 at 3). Jones held this position until March 20, 2019, when he was promoted to property manager, a salaried position, at Univesco's Vista Springs property in Lewisville, Texas. (Dkt. #23 at 3). Jones continued in this role until June 14, 2019, when Univesco terminated Jones. (Dkt. #25 at 4).

Univesco offers a discount on rent to its employees if they choose to reside at one of Univesco's properties. (Dkt. #25 at 2). Under this arrangement, Univesco offers

a 20% discount on market rent to employees who reside at one of Univesco's properties and a 40% discount if the employees reside at the property where they work. (Dkt. #25 at 2). All of Univesco's 226 employees are eligible for this rent discount, and, as of June 2020, 122 of them take advantage of it. (Dkt. #25 at 2). Univesco deducts the cost of rent from the paychecks of employees who receive the discount. (Dkt. #25 at 2). Univesco's employees are not automatically entitled to an apartment by virtue of their employment. (Dkt. #25 at 9). Rather, they must complete a rental application, pass a criminal background check, meet various income and credit requirements, and execute a lease agreement. (Dkt. #25 at 9). Employees who elect not to take advantage of the rent discount receive no additional compensation. (Dkt. #25 at 9).

Jones became eligible for the 40% discount starting on December 7, 2018, when he executed a lease on an apartment at the Prestonwood Hills property at which he worked. (Dkt. #25 at 3). The market rent for the apartment was $1,429 per month. (Dkt. #25 at 3). With the 40% discount applied, the monthly rent became $857.40. (Dkt. #25 at 3).

Between November 21, 2018, and March 20, 2019, the period during which Jones worked as an assistant property manager, Jones worked overtime for at least 16.75 hours.[1] (Dkt. #25 at 3–4; Dkt. #28 at 7). Jones's overtime wage was one and one-half times Jones's hourly wage, plus bonuses and commissions. (Dkt. #1 ¶ 26).

---

[1] Univesco alleges that Jones worked 16.75 hours of overtime as an assistant property manager, while Jones asserts that the precise number of overtime hours that he worked is a subject for further discovery. (Dkt. #25 at 3–4; Dkt. #28 at 7).

Univesco did not include the rent discount in its calculation of employees' overtime pay. (Dkt. #1 ¶ 27).

After he was terminated Jones filed suit against Univesco individually and on behalf of others similarly situated alleging underpayment of overtime wages in violation of the Fair Labor Standards Act (FLSA).[2] (Dkt. #1). Jones asserts that Univesco violated the FLSA by not including his and other employees' rent discounts in their regular rate of pay when calculating overtime pay. (Dkt. #1). Univesco filed a motion to dismiss, asserting that Jones's complaint failed to state a claim upon which relief could be granted. (Dkt. #3). Univesco argued that the rent discount is not part of employees' regular rate of pay but rather a gift that employers may exclude from the calculation of employees' overtime pay. (Dkt. #3 at 3). Univesco further asserted that, even if the rent discount must be included in calculating overtime pay, Jones's complaint failed to allege facts sufficient to state a claim under the FLSA. (Dkt. #3 at 4–7). The Court denied Univesco's motion, concluding that it was not apparent from the face of the complaint that the rent discount was a "gift or in the nature of a gift" within the meaning of 29 C.F.R. § 778.212. (Dkt. #17 at 9). The Court also concluded that the reasonable cost of Jones's rent discount constituted "board" and "lodging" under the FLSA and therefore should be included in Jones's regular rate of pay. (Dkt. #17 at 5). Finally, the Court deemed that the complaint alleged sufficient facts to plausibly state a claim. (Dkt. #17 at 10–17).

---

[2] The Court has since denied Jones's motion for conditional class certification of collective action. (Dkt. #31).

Univesco now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. #25).

## II. LEGAL STANDARD

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). If the moving party presents a motion for summary judgment that is properly supported by evidence, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Because Federal Rule of Civil Procedure 56 requires that there be no "*genuine* issue of *material* fact" to succeed on a motion for summary judgment, "the mere existence of *some* alleged factual dispute" is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" when, under the relevant substantive law, its resolution might govern the outcome of the suit. *Id.* at 248. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 476.

"Courts consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleading; rather, the nonmovant must respond to the motion for summary judgment by setting forth

particular facts indicating that there is a genuine issue for trial." *Int'l Ass'n of Machinists & Aerospace Workers v. Compania Mexicana de Aviacion, S.A. de C.V.*, 199 F.3d 796, 798 (5th Cir. 2000). If, when considering the entire record, the court concludes that no rational jury could find for the nonmoving party, the movant is entitled to summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

### III. DISCUSSION

The FLSA requires employers to pay employees one and one-half times their regular rate for hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1). The statute defines "regular rate" as "all renumeration for employment paid to, or on behalf of, the employee," subject to a number of exemptions. 29 U.S.C. § 207(e). Exemptions to the FLSA "are construed narrowly against the employer, and the employer bears the burden to establish a claimed exemption." *Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016) (quoting *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014)).

### A. No Genuine Dispute Exists as to a Material Fact.

While the parties dispute whether the FLSA permits the rent discount to be excluded from an employee's regular rate of pay, which is a question of law, they do not disagree about the factual circumstances surrounding Jones's employment and Univesco's rent discount. *See* (Dkt. #28 at 3–8). The parties' factual disputes relate

only to the precise number of overtime hours that Jones worked and whether Univesco properly calculated the expenses associated with Jones's Prestonwood Hills apartment. *See* (Dkt. #28 at 3–8). Neither of these facts is material because neither affects the Court's legal conclusion that the FLSA requires exclusion of the rent discount from employees' regular rate of pay. Consequently, the parties' few factual disputes are ultimately irrelevant to the outcome of this case, and no genuine dispute exists as to a material fact.

**B. Univesco is Entitled to Judgment as a Matter of Law Because Univesco's Rent Discount is Excludable from Employees' Regular Rate of Pay as an "Other Similar Payment" Exempt Under 29 C.F.R. § 778.224.**

**1.**

The preliminary question before the Court is whether Jones is protected by the FLSA. A plaintiff bringing a cause of action under the FLSA bears the burden of demonstrating that he or she is covered by the FLSA and is therefore eligible for the Act's protections. *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (citing *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90, 63 S.Ct. 125, 87 L.Ed. 83 (1942)). The overtime provisions protect employees who are "engaged in commerce or in the production of goods for commerce" or who are "employed in an enterprise" that does the same. 29 U.S.C. § 207(a)(1). The statute defines commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Further, under the FLSA, an "[e]nterprise engaged in commerce or in the production of goods for commerce" is an entity that:

     (i)     has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

     (ii)    is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(1)(A).

Here, Jones alleges that Univesco is an enterprise engaged in commerce or the production of goods for commerce. (Dkt. #1 ¶¶ 16–17). Univesco's motion does not dispute that Jones is covered by the FLSA. It is also undisputed that Univesco's gross volume of sales made or business done exceeds $500,000. Further, Univesco manages properties in both Texas and Florida, so the Court has little difficulty concluding that Univesco at a minimum engages in communication between two states. "[E]mployees who regularly send or receive interstate communications are engaged in commerce" within the meaning of the FLSA. *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1143 (5th Cir. 1970). Thus, the Court concludes that Univesco is an enterprise engaged in commerce under the FLSA and, therefore, that Jones, as a former Univesco employee suing in that capacity, is covered by the FLSA.

## 2.

Univesco makes several arguments in support of its motion for summary judgment. Broadly speaking, Univesco asserts that the rent discount falls under two exemptions to its employees' regular rate of pay. (Dkt. #25 at 5). First, Univesco argues that the rent discount is excludable from employees' regular rate of pay because it falls under the exemption described in 29 C.F.R. § 778.224, namely "other

similar payments to an employee which are not made as compensation for his hours of employment." (Dkt. #25 at 6). Second, Univesco reiterates its claim that the rent discount is a "gift" under 29 C.F.R. § 778.212. (Dkt. #25 at 12). Third, Univesco asserts that it incurred no "reasonable cost" to provide the rent discount to Jones and, therefore, there was no amount to add to Jones's regular rate of pay. (Dkt. #25 at 14). Finally, Univesco argues that, even if the rent discount should be included in Jones's regular rate of pay, damages should be calculated by using a half-time portion of the new overtime rate. (Dkt. #25 at 18). Because the Court concludes that the rent discount falls under the "other similar payments" exemption, it is unnecessary to consider the remainder of Univesco's arguments.

The only exemption that Univesco pleaded in its motion to dismiss was the exemption for "sums paid as gifts." (Dkt. #3 at 3). In its order denying Univesco's motion to dismiss, the Court concluded that it was not apparent from the face of the complaint that the rent discount falls under that exemption. (Dkt. #17 at 9). The Court finds it unnecessary to revisit the issue of whether the rent discount could be properly excluded as a gift because the Court now concludes that the discount is excludable on a different basis.

However, the Court also concluded in that order that the rent discount constitutes "board" and "lodging" under the FLSA and is therefore included in Jones's regular rate of pay. (Dkt. #17 at 5). Upon further review, and with the benefit of additional briefing and exhibits at the summary-judgment stage, the Court concludes that the rent discount that Univesco provides its employees is properly excludable as

an "other similar payment" under 29 C.F.R. § 778.224, as updated in December 2019. First, the Court's previous conclusion was merely dicta because it was not essential to dispose of the motion to dismiss, which pleaded only the gift exemption. And, even if the Court's conclusion constituted a holding, the Court is authorized to revisit its decision by Federal Rule of Civil Procedure 54(b), under which a court is free to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" any time before the entry of a final judgment. Such a decision may be reconsidered "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Dale v. Equine Sports Med. & Surgery Race Horse Serv., P.L.L.C.*, 750 F.App'x 265, 269 (5th Cir. 2018) (per curiam) (citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

### 3.

The FLSA provides that the "wage paid to any employee includes the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities" if they are "customarily furnished" by the employer. 29 U.S.C. § 203(m)(1) (internal quotation marks omitted). The implementing regulations explain that it does not matter whether an employer "calculates charges for such facilities as additions to or deductions from wages." 29 C.F.R. § 531.29. Thus, it is of no consequence that Univesco charges its employees for rent via a deduction in their paychecks rather than as an addition to their wages. But neither the FLSA nor the implementing regulations define what it means to "furnish" board or lodging.

The Court construes the term "furnish" according to its "ordinary and natural meaning and the overall policies and objectives of the statute." *NPR Invs., L.L.C. ex rel. Roach v. United States*, 740 F.3d 998, 1007 (5th Cir. 2014). "Furnish" is defined as "to provide with what is needed" or to "supply" or "give." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 474 (10th ed. 1997). Providing a mere discount on a good or service does not fall within the ordinary and natural meaning of the word "furnish." That is, a good or service is not "furnished" merely because its seller offers a discount on its price. Similarly, Univesco does not furnish its employees with apartments. Univesco does not guarantee an apartment to all, or even any, of its employees as a condition of employment, nor is it provided outright or free of charge. (Dkt. #25 at 9). Rather, Univesco treats employees who live on its properties much like it does all other tenants except for the fact that it offers employees a discount. (*See* Dkt. #25 at 9). Employees who wish to live on one of Univesco's properties must complete a rental application, pass a criminal background check, satisfy certain income and credit requirements, and execute a lease agreement. (Dkt. #25 at 9). Further, employees who decide not to take advantage of the rent discount receive no additional compensation, (Dkt. #25 at 9), which demonstrates that the rent discount is not a substitute for employees' regular rate of pay. Univesco's discount on rent is offered not as part of regular compensation but as a benefit that employees may take or leave.

Courts have long held that the reasonable cost of employer-provided meals and lodging qualifies as wages. *See, e.g.*, *Walling v. Alaska Pac. Consol. Mining Co.*, 152 F.2d 812, 815 (9th Cir. 1945). However, Jones does not cite any case law on this

issue involving a mere *discount* on the cost of housing or, for that matter, any discount on goods or services of any kind. *See* (Dkt. #28 at 10) (citing *Walling*, 152 F.2d at 815; *Estanislau v. Manchester Devs., LLC*, 316 F.Supp.2d 104, 108 (D. Conn. 2004); *Moon v. Kwon*, 248 F.Supp.2d 201, 232–33 (S.D.N.Y. 2002)).[3]

In *Estanislau*, the employer provided the employee with free lodging, purportedly as compensation for the employee's overtime work. 316 F.Supp.2d at 106. Because the employer customarily furnished lodging to the employee, the court held that the lodging formed a part of the employee's regular wages, not overtime compensation. *Id.* at 108. The court explained that the employer was not entitled to use the lodging "as a free standing credit for overtime to be invoked at will whenever Plaintiff happens to work more than 40 hours a week." *Id.* The facts in *Estanislau* naturally led to this conclusion because the employer provided lodging outright, free of charge, and for the course of the plaintiff's employment. *Id.* at 106. Further, the lodging was a key component of the employee's work as an on-site maintenance superintendent and was explicitly intended as compensation. *See id.* at 106. Here, unlike in *Estanislau*, Univesco has not provided housing for its employees, much less guaranteed it, but rather offered an optional and conditional rent discount for employees who choose to take advantage of it. Also unlike in *Estanislau*, Univesco employees' apartments are not free of charge. Rather, employees must qualify for

---

[3] Instead, Jones cites to the language of 29 C.F.R. § 778.224(a). (Dkt. #28 at 16). Because the Court concludes that the provision of a discount does not equate to "furnishing" lodging, Jones's reliance on 29 C.F.R. § 778.224(a) is unhelpful.

apartments like any other tenant, and they receive only a flat discount on rent. *Estanislau* is thus factually distinct from the instant case.

Similarly, in *Moon*, the employer provided the employee with free meals and lodging. 248 F.Supp.2d at 212–13. The dispute in *Moon* was not about whether the free meals and lodging amounted to compensation but rather what type of compensation the room and board constituted. The court found that the parties intended the meals and lodging to be part of the employee's regular weekly salary rather than overtime pay and therefore held that the employer could not apply the value of the meals and lodging as a credit toward overtime compensation *Id.* at 232–33. But the facts here do not support the proposition that Univesco or Jones intended the rent discount to be compensation for Jones at all, whether overtime or not. And, unlike the employee in *Moon*, Jones argues that the cost of a *discount* on lodging should be credited toward his regular rate of pay. Jones cannot rely on *Moon* to establish this proposition.

The FLSA's exemptions from employees' regular rate of pay, together with the implementing regulations, further establish that a rent discount is not included in regular compensation. Among the payments that the FLSA exempts from its definition of an employee's regular rate are "other similar payments to an employee which are not made as compensation for his hours of employment." 29 U.S.C. § 207(e)(2). Univesco's rent discount falls under this exemption.

In December 2019, the Department of Labor updated 29 C.F.R. § 778.224 to include additional examples illustrating the types of payments that fall under the

12

"other similar payments" exemption. The regulation first explains that "other similar payments" are ones that "do not depend on hours worked, services rendered, job performance, or other criteria that depend on the quality or quantity of the employee's work." 29 C.F.R. § 778.224. The regulation further provides that, while the examples given are not exhaustive, a payment must be "'similar' in character" to the payments described in 29 U.S.C. § 207(e)(2). *Id.* (citation omitted). One of the examples added in the December 2019 amendment was "[d]iscounts on employer-provided retail goods and services." *Id.*

First, an employee's eligibility for Univesco's proffered rent discount does not depend on the employee's hours worked, services rendered, job performance, or other criteria that depend on the quality or quantity of the employee's work. All of Univesco's 226 employees are automatically eligible for the discount—provided they meet the non-work-related criteria required of all housing applicants. (Dkt. #25 at 2). Those criteria limiting Univesco employees' access to discounted housing have nothing to do with job performance—satisfying a criminal background check, meeting various income and credit requirements, and executing a lease agreement.[4] Thus, Univesco's discount on rent closely resembles and is "similar in character" to the above-described examples of "other similar payments" provided in the December 2019 amendment, encompassing discounts on employer-provided retail goods and services.

---

[4] Univesco does offer its employees a heightened rent discount of 40%, as opposed to 20%, if the employee resides at the Univesco property at which he or she works. As noted above, Jones, during the course of his employment, became eligible for the 40% rent discount. However, the 40–20 distinction does not depend on the quality or quantity of the employee's work and therefore does not alter the Court's present analysis.

Further, even prior to the amendment to 29 C.F.R. § 778.224, courts have found that discounts on goods and services fall under a statutory exemption to employees' regular rate of pay. *See Harris v. Best Buy Stores, L.P.*, No. 15-cv-00657-HSG, 2016 WL 4073327, at *6 (N.D. Cal. Aug. 1, 2016); *see also Rau v. Darling's Drug Store, Inc.*, 388 F.Supp. 877, 879 (W.D. Pa. 1975). In *Harris*, for instance, the court held that the discounts that the employer gave to its employees on products and services sold in its stores fell under an exclusion from employees' regular rate of pay. 2016 WL 4073327, at *6–7. Similarly, in *Rau*, the court found that food and merchandise discounts were not included in an employee's regular rate of pay and need not be credited toward overtime compensation. 388 F.Supp. at 879. Notably, the court concluded that the discounts on food fell under an exemption even though the FLSA specifically provides that the reasonable cost of board and lodging are included in an employee's regular rate. *Id.* at 879, 882; 29 U.S.C. § 203(m)(1). The aforementioned December 2019 amendment therefore served to codify existing law rather than introduce new law.

Here, as in *Harris* and *Rau*, Jones received only a *discount* on his employer's goods and services. Jones did not receive housing from his employer outright or free of charge. Nor was Jones entitled to housing under Univesco's policy as part of his terms of employment. *Cf., e.g.*, *Walker v. Washbasket Wash & Dry*, No. CIV. A. 99–4878, 2001 WL 770804, at *4, *11–12 (E.D. Pa. July 5, 2001) (holding that, where lodging is provided free of charge and as direct compensation for labor, not as an incidental benefit, lodging may constitute a "wage"). Therefore, the rent discount is

properly excluded from the calculation of Jones's regular rate of pay despite the FLSA's inclusion of the reasonable cost of lodging in its definition of "wage." 29 U.S.C. § 203(m)(1). The December 2019 amendment to the implementing regulations has only clarified the scope of the FLSA's exemptions.

*     *     *

In sum, Univesco does not "furnish" its employees with lodging within the meaning of the FLSA. Discounts offered by employers on employer-provided goods or services are excluded from an employee's regular rate of pay. Thus, the conditional rent discount that Univesco offers its employees is exempt from their regular rate as an "other similar payment," and the discount was properly excluded from Jones's regular rate for the purpose of calculating overtime compensation.

<h2 style="text-align:center">IV. CONCLUSION</h2>

For the foregoing reasons, it is **ORDERED** that Defendant Univesco's Motion for Summary Judgment, (Dkt. #25), is **GRANTED**.

**So ORDERED and SIGNED this 29th day of March, 2021.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE